[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-13133
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 12, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00033-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KURTIS TYRONE WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 12, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Kurtis Wright appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Wright contends that there was insufficient evidence to convict him of the offense. After careful review of the parties arguments and the record on appeal, we affirm.

"We review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." At Wright's trial, the government produced evidence that: (1) Wright at one time admitted committing the bank robbery using a 9-millimeter pistol; (2) while incarcerated Wright described the bank robbery and his possession of the 9-millimeter pistol to a fellow inmate; (3) Wright admitted at trial that he had touched a black pistol on the day of the robbery; (4) Wright led police on a high-speed chase using a vehicle that matched the description of the vehicle used in the robbery and that was carrying men who matched the description of the men who committed the armed bank robbery; and (5) two loaded firearms, resembling those used in the bank robbery, were located in the trailer that Wright was parked in front of when spotted by police. While Wright questions the credibility of his fellow inmate's testimony because the inmate stood to benefit from it, we have determined that the fact that testimony may benefit the person giving it does not make the testimony incredible. *See United States v. Chastain,* 198 F.3d 1338, 1561 (11th Cir. 1999). Thus, it was for the jury to decide whether to believe the testimony. Similarly, the jury could

find Wright's testimony that the gun he touched was not one of the guns introduced at trial lacked credibility.  If disbelieved, Wright's testimony could be used as substantive evidence of his guilt.  *United States v. Woodward,* 459 F.3d 1078, 1087 (11th Cir. 2006) (per curiam).

We find that there was sufficient evidence for a jury to find that Wright was guilty beyond a reasonable doubt of possession of a firearm by a convicted felon under § 922(g)(1).  Accordingly, we affirm.

**AFFIRMED.**